## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ELSIE M. MAYARD | Civil No. 08-5853 (JRT/SER) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL** |
| ADAM P. SIEGFRIED, | |
| Defendant. | |

Elsie M. Mayard, 755 West Minnehaha Avenue, St. Paul, MN 55104, plaintiff *pro se*.

Cheri M. Sisk, Assistant City Attorney,, **CITY OF SAINT PAUL ATTORNEY'S OFFICE**, 750 City Hall and Courthouse, 15 West Kellogg Boulevard, St. Paul, MN 55102, for defendant.

On October 5, 2011, following a two-day jury trial, a jury found that defendant, St. Paul police officer Adam P. Siegfried, had not used excessive force or committed battery during his restraint of plaintiff Elsie M. Mayard on December 25, 2007. Mayard now moves for a new trial. For the reasons discussed below, the Court denies Mayard's motion.

## DISCUSSION

**I.   STANDARD OF REVIEW**

Under Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a motion for a new trial "on all or some of the issues." Fed. R. Civ. P. 59(a)(1). "A new trial is appropriate when the first trial, through a verdict against the weight of the

evidence . . . or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "The authority to grant a new trial is within the discretion of the district court." *Id.* The Court may grant a new trial where erroneous evidentiary rulings "had a substantial influence on the jury's verdict." *Littleton v. McNeely*, 562 F.3d 880, 888 (8th Cir. 2009) (internal quotation marks omitted). Further, only if the jury's verdict is so against the great weight of the evidence that it constitutes a miscarriage of justice should a motion for a new trial should be granted. Ogden v. Wax Works, Inc., 214 F.3d 999, 1010 (8th Cir. 2000).

## II. MAYARD'S MOTION FOR A NEW TRIAL

Mayard appears to contend that documents related to Siegfried's disorderly conduct conviction should have been admitted and that a substantial error occurred because of the exclusion of the evidence.[1] Mayard sought to introduce a news article and records regarding Siegfried's conviction for disorderly conduct. The Court granted Siegfried's motion in limine to exclude these documents.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

---

[1] Mayard filed a notice of a motion referencing "substantial errors [that] occurred in the admission or rejection of Evidence" and attached to the motion documents related to Siegfried's disorderly conduct conviction. (Pl.'s Mot. New Trial, Docket No. 107.)

The Court excluded the information as irrelevant and potentially confusing to the jury because it had no connection or relevance to the events of December 25, 2007. Fed. R. Evid. 402, 403. The events giving rise to the conviction did not involve Mayard, occurred almost a month after the events of Mayard's action, and took place when Siegfried was off duty. The Court also found the information to be inappropriate character evidence. Fed. R. Evid. 404. Siegfried's conviction for disorderly conduct was offered for no other reason than to "show action in conformity" with other acts of violence.

Furthermore, in this case, the verdict was not against the great weight of the evidence. Siegfried presented evidence that his conduct was consistent with his training and with ordinary police procedures and that any force he used was reasonable under the circumstances. The Court found Siegfried and his witness, Officer Adam Bailey, credible. The Court concludes that the verdict was not against the great weight of the evidence and no improper evidentiary ruling was made. To the extent Mayard's motion may be read to allege additional grounds for a new trial, the Court finds such grounds unsupportable. Mayard's motion for a new trial is denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Elsie M. Mayard's Motion for a New Trial [Docket No. 107] is **DENIED**.

DATED: November 2, 2011  
at Minneapolis, Minnesota.

                                      s/ John R. Tunheim  
                                      JOHN R. TUNHEIM  
                                      United States District Judge